United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.C.Z.L.,

Petitioner,

v.

MINGA WOFFORD, *et al.*,

Respondents.

Case No. 1:26-cv-05342-NW

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Re: ECF Nos. 1, 3

This habeas action concerns the detention of J.C.Z.L.,[1] a noncitizen who was released from immigration detention by the Department of Homeland Security ("DHS") in September 2023, but was recently re-detained. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* ECF Nos. 1, 3. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and orders that Petitioner be provided a substantive bond hearing before an immigration judge. Petitioner's motion for a temporary restraining order is resolved as moot.[2]

[1] Petitioner filed a Motion to Proceed under a Pseudonym in conjunction with the instant petition, arguing that as an asylum seeker looking to escape past political persecution in his home country of Venezuela, disclosure of his identity could lead to harassment and government retaliation. ECF No. 2 at 2. "[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-CV-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members as supporting the use of pseudonyms). Additionally, Respondents have not—and cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym given his identity is known to the Court and Respondents. Accordingly, the Court grants Petitioner's request to proceed under pseudonym.

[2] On July 10, 2026, the Court issued an order to show cause on Petitioner's motion for a temporary restraining order directing Respondents to identify whether there are factual or legal issues which distinguished this case from courts' prior orders addressing similar circumstances. ECF No. 7. The order also directed the parties to indicate whether they objected to the Court ruling directly on

## I. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. BACKGROUND

Fleeing his home country, Petitioner entered the United States in September 2023, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1 ¶ 21; ECF No. 8-1 at 9. He was subsequently released from custody on his own recognizance and placed in removal proceedings. ECF No. 1 ¶¶ 21–22; ECF No. 8-1 at 9. After his release, Petitioner began living in Florida, and then moved to California where he works as a delivery driver and lives with his longtime partner who is currently pregnant. ECF No. 1 ¶ 23. On June 23, 2026, ICE officers detained Petitioner allegedly without a warrant. *See id.* ¶ 25. In response, however, Respondents produced a "Warrant for Arrest of Alien" purportedly served on Petitioner om June 22, 2026. ECF No. 8-1 at 84. In arresting Petitioner, ICE officers informed him that his arrest was based on allegations he is a member of a Venezuelan gang—an accusation he maintains is false and potentially fabricated by the Venezuelan government because of his prior work as a political activist. *Id.*

---

the underlying petition. *Id.* Neither party objected. *See* ECF No. 8 at 4 ("Respondents do not oppose the Court resolving the underlying habeas petition on the current briefing and without a hearing."); ECF No. 9 at 13 ("Petitioner also does not oppose the court ruling on the underlying habeas petition in its entirety.").

**III. DISCUSSION**

On July 13, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders in which habeas petitions were granted on due process grounds.[3] *See* ECF No. 7 (citing *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026)). Respondents filed a response to the order to show cause on July 15, 2026, arguing (1) that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2), and that (2) Petitioner's gang affiliation and criminal conduct establishes he is a danger and a flight risk, justifying his recent arrest and detention. ECF No. 8 at 4.

Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2) has been rejected by this Court and countless others throughout the Ninth Circuit, and indeed throughout the country. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). The Court similarly rejects that argument again here. "Such expansive interpretation of § 1225(b)(2) is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on their own recognizance into the interior of the country." *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

The Court further finds that Petitioner is entitled to relief on his due process claims for the reasons articulated in the courts' orders cited in the order to show cause. Respondents did not

[3] Petitioner also brings claims for violation of his substantive due process rights (count 2), violation of the administrative and procedure act and request for relief pursuant to *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025) (count 3), and violation of 8 U.S.C. § 1226(a) for failure to obtain a warrant prior to Petitioner's arrest (count 4). Because Petitioner's due process claim entitles him to complete relief given the facts of this case—i.e., a constitutionally adequate bond hearing—the Court need not, and does not, address his remaining claims for relief.

provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

In instances where the Government has previously detained and then released a noncitizen on his own recognizance, Courts in this Circuit have generally ordered release and a pre-deprivation hearing. But some courts have found that, under circumstances where there is an accusation of a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances). Here, Respondents contend that Petitioner's arrest was based on evidence of gang affiliation. ECF No. 8 at 1. Petitioner disputes the authenticity of this evidence and maintains that the allegation is false. ECF No. 9 at 9–10; ECF No. 1 ¶ 25.

In resolving this issue, the Court finds *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77, 1205–06 (N.D. Cal. 2017) persuasive. There, the court granted a motion for preliminary injunction requiring prompt bond hearings on behalf of a class of noncitizen minors who were formerly released on parole but then re-detained based solely on allegations of gang affiliation. *Id.* at 1177, 1205–06. The court explained that the government's prior release of these individuals "reflect[ed] a determination by the government that the noncitizen [was] not a danger to the community or a flight risk." *Id.* at 1176. As such, the court found that "for any noncitizen minor previously placed with a sponsor who has been arrested on allegations of gang activity, the government is ordered to provide a hearing before an immigration judge ... to allow the minor ... to contest the government's evidence of changed circumstances." *Id.* at 1177.

Similarly, Petitioner was encountered by immigration officials upon entry into the United States and released on his own recognizance. ECF No. 1 ¶ 21. Such release reflected a determination that Petitioner was not a flight risk or danger. *Ortiz Donis*, 2025 WL 2879514, at *1 (citing 8 C.F.R. § 1236.1(c)(8)). Now Respondents claim that "[a] subsequent investigation of Petitioner's identity after his initial [border patrol] encounter in 2023 reveal Petitioner to be a known gang member." ECF No. 8 at 1. Accordingly, the government's decision to re-detain the Petitioner years later based on suspicion of gang-affiliated criminal activity must be "put to the test" at a hearing before an immigration judge where "federal agents must be able to present evidence of materially changed circumstances." *Saravia*, 280 F. Supp. 3d at 1176, 1177.

Thus, the Court finds that the appropriate remedy is a bond hearing where the government bears the burden of proving a material change in circumstances such that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED IN PART;

2. Within fourteen (14) days of the date of service of this order, unless Petitioner consents to a later date, Respondent SHALL provide Petitioner with an individualized bond hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify denial of bond. If Respondents fail to provide a timely bond hearing in accordance with this order, they SHALL immediately release Petitioner.

3. Prior to the bond hearing, the Petitioner and his counsel SHALL receive meaningful notice of the scheduled hearing and both SHALL be entitled to appear at the hearing.

4. The Clerk of Court is directed to close this case and enter judgment in favor of Petitioner.

IT IS SO ORDERED.

Dated: July 20, 2026

Noël Wise
United States District Judge